**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPECTRANET TECHNOLOGIES LLC.,<br><br>Plaintiff,<br><br>v.<br><br>IMC-CHICAGO, LLC d/b/a IMC TRADING; IMC AMERICAS, INC.; IMC GLOBAL HOLDINGS LLC; RCA TELECOM LLC; and TOGGLE COMMUNICATIONS LLC<br><br>Defendants. | Case No. 1:26-CV-05838<br><br>Hon. Andrea R. Wood<br><br>**HEARING REQUESTED** |

**IMC DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

# TABLE OF CONTENTS

I. THE INDUCEMENT AND WILLFULNESS CLAIMS FAIL .......... 1

II. THE COMPLAINT DOES NOT PLAUSIBLY ALLEGE INFRINGEMENT .......... 2

III. CONCLUSION .......... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) (en banc) ........ 2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 2, 3

*Auth Token LLC v. City Nat'l Bank*,
817 F. Supp. 3d 211 (S.D.N.Y. 2026) ........ 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 2

*Bonte v. U.S. Bank, N.A.*,
624 F.3d 461 (7th Cir. 2010) ........ 1

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ........ 3

*Brown v. Budz*,
398 F.3d 904 (7th Cir. 2005) ........ 3

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
608 U.S. 580 (2026) ........ 1, 2

*MacNeil IP LLC v. Harbor Freight Tools USA Inc.*,
2026 WL 800160 (N.D. Ill. Mar. 23, 2026) ........ 3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
631 F.3d 436 (7th Cir. 2011) ........ 3

*Shenzhen Shokz Co. v. Shenzhen Wenming Tech. Co.*,
No. 24 C 6717, 2025 WL 1530766 (N.D. Ill. May 29, 2025) ........ 2

SpectraNet is caught in a bind, and it cannot plead its way out. Its only theory of infringement is that "[a]n HFT firm that achieves successful results over licensed HF channels plausibly uses the claimed [steps]." (Opp'n at 4.)[1] That theory works only if every use of HF radio by a trading firm infringes, yet SpectraNet concedes its patents "do not cover every use of HF transmissions by a trading firm." (*Id.*) Having disclaimed the only theory its facts support, SpectraNet offers nothing to separate IMC from the non-infringing HF trader it admits exists. What remains is a request for discovery to find a claim—a fishing expedition Rule 8 forbids.

The inducement and willfulness claims fail more simply still: SpectraNet does not answer IMC's arguments on pre-suit knowledge, active steps, or knowing infringement (Mot. at 4–5), and the Complaint pleads nothing beyond notice of the patents from this lawsuit.

## I. <u>THE INDUCEMENT AND WILLFULNESS CLAIMS FAIL</u>

Failure to respond to an argument results in waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). SpectraNet's Opposition leaves three independent defects unrebutted.

*<u>First, there is no pre-suit knowledge</u>.* The Complaint alleges knowledge only "since the filing of this lawsuit." (Mot. at 5 (citing Compl. ¶¶ 78, 98, 118).) SpectraNet does not dispute this and defends its claims only "for the post-suit period." (Opp'n at 1–2.) Any pre-suit inducement or willfulness claim should be dismissed with prejudice.

*<u>Second, there is no act of inducement</u>.* Inducement requires "active steps . . . to encourage direct infringement." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 587 (2026). SpectraNet answers only whether the direct infringer must be named. Its theory is that RCA and Toggle operate HF stations while the other Defendants supply "direction, and control" (Opp'n at

---

[1] SpectraNet defends its claims under Section 101 as reciting "a technique, not a result." (Dkt. No. 55 at 10.) Yet it defends its Complaint on the theory that pleading results is enough.

4–5)—a description of corporate structure, not the "'clear'" and "'affirmative'" encouragement *Hikma* requires. *Hikma*, 608 U.S. at 592. Direction or control is a § 271(a) attribution doctrine, *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022–23 (Fed. Cir. 2015) (en banc); if it applies, the steps are attributed to the controlling defendants as direct infringers, leaving no one to induce. The allegation that Defendants "jointly and/or individually, actively induce" one another (Opp'n at 4–5) merely restates the element. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The inducement claims fail for all periods.

*Third, there is no knowing infringement.* SpectraNet concedes willfulness requires that the defendant "knew that its conduct infringed" (Opp'n at 2 (quoting *Dresser, LLC v. VRG Controls, LLC*, 2018 WL 10426611, at *4 (N.D. Ill. Nov. 28, 2018))), yet the Complaint alleges only that IMC "knew or should have known." (Opp'n at 5.) SpectraNet ignores IMC's point that knowledge resting solely on the Complaint raises no "more than a sheer possibility" of culpable conduct. *Hikma*, 608 U.S. at 589. *Shenzhen Shokz Co. v. Shenzhen Wenming Tech. Co.*, No. 24 C 6717, 2025 WL 1530766 (N.D. Ill. May 29, 2025), does not fill the gap. (Opp'n at 5.) While a complaint can supply notice of the *patent* for a post-suit claim, it does not excuse pleading facts showing that IMC knew its *conduct* infringed—and SpectraNet pleads none.

## II. THE COMPLAINT DOES NOT PLAUSIBLY ALLEGE INFRINGEMENT

IMC does not ask SpectraNet to prove infringement or to show it is more likely than not. Plausibility, however, demands more than "a sheer possibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). SpectraNet's alleged facts—station addresses, callsigns, antenna azimuths, microwave links, a detected transmission, and license bandwidths (Opp'n at 1–3)—show only that IMC is an HF trading firm, which is equally true of the non-infringing HF trader SpectraNet concedes exists. Facts that fit infringement and non-infringement alike stop short of plausibility. *Twombly*, 550 U.S.

at 557. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

The claim-specific allegations confirm the gap. (Opp'n at 3.) The "known a priori" and latency-format limitations rest only on the generalization that HFT traders must use compact messages. (*Id.* (citing Compl. ¶ 58).) That premise—that any compact HF trading message infringes—is the very theory SpectraNet disavows, and it describes how a technology "could operate in the abstract," not how IMC "operates in fact." *Auth Token LLC v. City Nat'l Bank*, 817 F. Supp. 3d 211, 216–22 (S.D.N.Y. 2026). Likewise, the parameter-selection step requires selection "based at least on (a) message latency and (b) a predefined channel bandwidth." ('123 patent, Claim 1.) An FCC bandwidth ceiling that binds every licensee, and the fact that ionospheric conditions vary, do not show that IMC selects parameters based on *both*. Allegations "merely consistent with" infringement do not state a claim. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354–55 (Fed. Cir. 2021); *MacNeil IP LLC v. Harbor Freight Tools USA Inc.*, 2026 WL 800160, at *3 (N.D. Ill. Mar. 23, 2026).

*Brown v. Budz*, 398 F.3d 904 (7th Cir. 2005), does not help. Information-and-belief pleading requires specific facts that "make the allegations *plausible*." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011) (emphasis in original). SpectraNet's only basis is that IMC uses HF radio—which, by its own admission, does not separate the claimed methods from non-infringing ones.

## III. **CONCLUSION**

The Court should grant the Motion, dismiss the inducement and willfulness claims (with prejudice as to any pre-suit period), and dismiss the direct infringement claims. SpectraNet's request for leave to amend identifies nothing it would add. (Opp'n at 5.)

Dated: November 6, 2026

Respectfully submitted,

*/s/ Brian Sodikoff*
Brian Sodikoff
Matthew T. Messina
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
312.902.5200
brian.sodikoff@katten.com
matthew.messina@katten.com

Christopher B. Ferenc (pro hac vice)
**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
202.625.3647
christopher.ferenc@katten.com

*Attorneys for Defendants IMC-Chicago, LLC d/b/a IMC Trading; IMC Americas, Inc.; IMC Global Holdings LLC; RCA Telecom LLC; and Toggle Communications LLC*